GORDON & SILVER, LTD.
THOMAS H. FELL, ESQ.
Nevada Bar No. 3717
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
3960 Howard Hughes Pkwy., 9th Fl.
Las Vegas, Nevada 89109
Telephone: (702) 796-5555
Facsimile: (702) 369-2666
E-mail: mcz@gordonsilver.com

Attorneys for Tamura Corporation of America

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br>WILLIAM H. DULL and JENNY K. DULL,<br><br>Debtors. | Case No.: BK-S-01-13513-LBR<br>Chapter 13<br><br>Date:  October 22, 2001<br>Time:  1:30 p.m. |

## TRIAL STATEMENT OF TAMURA CORPORATION OF AMERICA

Tamura Corporation of America, a California corporation ("TCA"), by and through its counsel, the law firm of Gordon & Silver, Ltd. hereby submits its Trial Statement (the "Trial Statement") in the above-referenced matter. This Trial Statement is being submitted pursuant to the Court's oral order at a prior hearing on October 10, 2001. The parties are conferring regarding possible stipulations of various exhibits and factual matters, and anticipate filing a supplemental statement thereof in short order.

### I.
### STATEMENT OF THE ACTION

Debtors seek confirmation of their Chapter 13 Plan pursuant to 11 U.S.C. § 1325. TCA seeks denial of confirmation of Debtors' Chapter 13 Plan pursuant to 11 U.S.C. § 1325, conversion of Debtors' Chapter 13 case to Chapter 7 pursuant to 11 U.S.C. § 1307(c), and denial of certain of Debtors' claimed exemptions. TCA shall submit a separate, detailed trial brief on the foregoing issues.

. . .

. . .

. . .

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

## II.
## JURISDICTION

The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

## III.
## ISSUES OF LAW

1.   Whether Debtors' Chapter 13 Plan has been proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3).

    a.   Whether Debtors' filing for bankruptcy the day before TCA's arbitration proceeding against Mr. Dull was set to proceed was in bad faith.

    b.   Whether Debtors' filing for bankruptcy under Chapter 13 was primarily motivated to seek a superdischarge of debts to TCA that would otherwise be nondischargeable in Chapter 7.

    c.   Whether Debtors acted equitably in their prepetition conduct toward TCA.

    d.   Whether Debtors' employment history, ability to earn, and likelihood of future increases in income indicates that Debtors' Chapter 13 Plan was proposed in good faith.

    e.   Whether Debtors' Chapter 13 Plan and schedules give accurate statements of Debtors' debts and expenses.

    f.   Whether Debtors are sincere in seeking Chapter 13 relief.

2.   Whether bad faith exists warranting conversion of Debtors' Chapter 13 case to Chapter 7 pursuant to 11 U.S.C. § 1307(c).

    a.   Whether Debtors have misrepresented facts in their petition or Chapter 13 Plan.

    b.   Whether Debtors have unfairly manipulated the Bankruptcy Code, filed their Chapter 13 bankruptcy petition and Chapter 13 Plan in an inequitable manner, or whether otherwise egregious behavior is present.

    c.   Whether Debtors' filing was primarily intended to defeat TCA's arbitration proceeding.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

G:\DATA\BNKRPTCY\04897.001\pldgs-Dull\10.01\Pretrial.doc

2

3. Whether Debtors have created unreasonable delays that are prejudicial to creditors such that conversion of Debtors' case to Chapter 7 is warranted pursuant to 11 U.S.C. § 1307(c)(1).

4. Whether Debtors' Chapter 13 Plan has been denied confirmation, and Debtors' subsequent request to modify, if any, has also been denied such that conversion of Debtors' case to Chapter 7 is warranted pursuant to 11 U.S.C. § 1307(c)(5).

5. Whether Debtors' Chapter 13 Plan applies all of their disposable income to payments under the Plan as required pursuant to 11 U.S.C. § 1325(b).

6. Whether Debtors will be able to make all the payments pursuant to their Chapter 13 Plan such that the Plan is feasible pursuant to 11 U.S.C. § 1325(a)(6).

## IV.
## EXHIBITS

1. Correspondence from TCA/Norman Michelsen to Jenny K Dull dated September 21, 2000.

2. All pleadings and orders filed in the arbitration proceeding with the American Arbitration Association, being styled <u>Tamura Corporation of America v. William H. Dull</u>, Case No. 72-160-00425-00 VSI.

3. Deposition Transcript of Angie Elegino dated February 1, 2001

4. Deposition Transcript of Hoching Cheung dated February 23, 2001.

5. Deposition Transcript of William H. Dull dated March 20, 2001.

6. Deposition Transcript of Jenny K. Dull dated March 20, 2001.

7. Deposition Transcript of Mario P. Nicoletti dated April 11, 2001.

8. Deposition Transcript of the Person Most Knowledgeable for TMI and TRC West (Mario P. Nicoletti) dated April 11, 2001.

9. Voluntary Petition filed on April 16, 2001.

10. Motion to Extend Time to File Chapter 13 Plan and Schedules filed on April 25, 2001.

11. Amendment to Bankruptcy Petition filed on June 1, 2001.

12. TCA Proof of Claim filed on June 11, 2001.

13. Amendment to Bankruptcy Petition filed on June 18, 2001.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

G:\DATA\BNKRPTCY\04897.001\pldgs-Dull\10.01\Pretrial.doc

3

14. Amendment to Bankruptcy Petition filed on July 25, 2001.

15. Transcript of Debtors' 341 Meeting dated July 27, 2001.

16. Amendment to Bankruptcy Petition filed on August 9, 2001.

17. Notice of Taking Deposition of William H. Dull; Request for Production of Documents, dated August 15, 2001.

18. Amended Notice of Taking Deposition of Jenny K. Dull; Request for Production of Documents dated August 15, 2001.

19. TCA's Objection to Exemptions filed on August 27, 2001.

20. Debtors' Response to TCA's Objection to Confirmation of Chapter 13 Plan and Debtors' Request that Debtors' Plan Be Confirmed or in the Alternative, Debtors' Request for Continuation of Confirmation hearing Date or Setting of Status Hearing filed on August 22, 2001.

21. Debtors' Opposition to Motion to Convert Case From Chapter 13 to Chapter 7 filed on August 28, 2001.

22. Debtors' Supplement to Response to TCA's Objection to Confirmation of Chapter 13 Plan and Debtors' Request that Debtors' Plan be Confirmed or in the Alternative, Debtors' Request for Continuation of Confirmation Hearing Date or Setting of Status Hearing filed on August 28, 2001.

23. Amendment to Bankruptcy Petition filed on August 28, 2001.

24. Debtors' Response to TCA's Objection to Exemptions filed on September 13, 2001.

25. Debtors' Response to TCA's Request for Production of Documents filed on September 21, 2001.

26. Deposition Transcript of William H. Dull dated September 24, 2001.

27. Deposition Transcript of Jenny K. Dull dated September 28, 2001.

28. Correspondence from Kurt J. Weinrich, Esq. to Thomas H. Fell, Esq. dated October 10, 2001 with Exhibits.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

G:\DATA\BNKRPTCY\04897.001\pldgs-Dull\10.01\Pretrial.doc

4

1  29.  Correspondence from Kurt J. Weinrich, Esq. to Matthew C. Zirzow, Esq. dated October 16, 2001 with Exhibits.

2  30.  Amendment to Bankruptcy Petition filed on October 9, 2001.

3  31.  Amendment to Bankruptcy Petition filed on October 12, 2001.

## V.
## WITNESSES

Norman Michelson
c/o Gordon & Silver, Ltd.
3960 Howard Hughes Pkwy., 9th Fl.
Las Vegas, Nevada 89109

Steve Manning
c/o Gordon & Silver, Ltd.
3960 Howard Hughes Pkwy., 9th Fl.
Las Vegas, Nevada 89109

Stephen Lagomarsino
c/o Gordon & Silver, Ltd.
3960 Howard Hughes Pkwy., 9th Fl.
Las Vegas, Nevada 89109

William H. Dull
209 N. Buteo Woods Lane
Las Vegas, Nevada 89144

Jenny K. Dull
209 N. Buteo Woods Lane
Las Vegas, Nevada 89144

DATED this 17th day of October, 2001.

GORDON & SILVER, LTD.

By: _____
THOMAS H. FELL, ESQ.
Nevada Bar No. 3717
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
3960 Howard Hughes Parkway, 9th Fl.
Las Vegas, Nevada 89109

Attorneys for Tamura Corporation of America